IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SCHILLI TRANSPORTATION SERVICES, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**PJ ENTERPRISE LLC.,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:18-cv-00197-TES** |

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant has filed a Motion for Protective Order [Doc. 40] seeking to protect "sensitive" information revealed in response to discovery "by restricting its disclosure and/or use to solely that necessary to collect on a debt." [*Id.* at pp. 1—2]. Plaintiff argues that Defendant has waived any opportunity to seek protection for documents that it voluntarily produced, without any mention of restriction. [Doc. 44 at pp. 2—4]. Additionally, Plaintiff argues that Defendant failed to demonstrate good cause for a protective order and failed to include certification demonstrating that defense counsel conferred with Plaintiff in good faith in an attempt to resolve the discovery dispute prior to filing its motion. [*Id.* at pp. 4—5]. Because the Court agrees that Defendant has not demonstrated good cause for a protective order, Defendant's Motion is **DENIED**.

## DISCUSSION

On February 26, 2020, Defendant served documents and information on Plaintiff, as ordered by the Court, in response to discovery. Defendant's discovery response contained "business contacts, customer lists, financial information, bank statements, financial transactions, and other proprietary customer lists, trade secrets or other confidential business information." [Doc. 40 at p. 1].

The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26. Pursuant to Fed. R. Civ. P. Rule 26(c)(1)(G), the Court can enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

The party seeking a protective order must demonstrate a showing of good cause, which "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (stating that it was necessary for the district court to conclude that the request for a protective order was not supported by good cause in order to resolve the matter). Good cause "generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests involved. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). "[W]hether good cause exists for a

protective order is a factual matter to be decided by the nature and character of the information in question." *Chicago Tribune*, 263 F.3d at 1315.

Defendant seeks to protect the information "to prevent agents, employees or other individuals who might seek to use it to undermine relationships with current customers by soliciting business or business contacts."[1] [Doc. 40 at p. 2]. Defendant argues that a protective order is warranted because a serious risk arises from the volume of customer and business contacts provided and "the fact that an employee or former employee of Plaintiff used to work for or closely with Defendant." [*Id.* at p. 4]. However, such vague and conclusory arguments are far from the particulars and specifics necessary to show good cause. Defendant's proffered reasons simply do not meet the requisite legal standard. Accordingly, this Court will not issue a protective order.

**SO ORDERED**, this 1st day of May, 2020.

s/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

[1] At an earlier hearing on Plaintiff's Motion to Compel, Defendant unequivocally testified under oath that he was no longer conducting business. *See* [Doc. 34 at p. 2]; *see also* [Doc. 45, p. 5 ("Defendant is not currently conducting business and does not have 'current customers' in the sense that Plaintiff construes that phrase")]. The Court finds it difficult to understand how and why the Defendant needs to protect the records of a business that no longer operates and clearly isn't presently using any of the information it seeks to restrict. Defendant also failed to identify the employee of Plaintiff or the specific manner in which this unidentified employee could use the information to harm Defendant. Again, the Defendant was required to point out specific facts to support his motion, not rely on vague and unsupported arguments.